United States District Court
Southern District of Texas
**ENTERED**
June 17, 2020
David J. Bradley, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Cody Carrell, §
§
    Plaintiff, §
§
versus §    Civil Action H-19-1791
§
Nancy Berryhill, §
§
    Defendant. §

# Opinion on Summary Judgment

1.    *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Cody Carrell is not disabled under the terms of the Social Security Act. It does.

Carrell brought this action for judicial review of the commissioner's final decision denying his claims for continued disability insurance benefits.[1] Both sides have moved for summary judgment.

2.    *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the

---

[1] 42 U.S.C. §§ 405(g), 416(i), and 423.

commissioner's decision.[2] A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary.[3]

3.  *The Statutory Criteria.*

The law establishes a seven-step technique to determine whether a claimant's disability benefits should continue. First, it must be established if the claimant's impairments are of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. In "Paragraph B" of that section, it says that mental impairments must result in at least one extreme or two marked limitations in a broad area of functioning. These areas are: (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and (d) adapting or managing themselves.

Second, it must be decided if a medical improvement has occurred. Third, if a medical improvement has occurred, then it must be established that it was related to the ability to work. The fourth step only applies when a medical improvement has not occurred. Fifth, it must be established that the claimants

---

[2] *See Richardson v. Perales*, 402 U.S. 389 (1971).

[3] *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

impairments are severe, which means that they limit his ability to do basic work. Sixth, it must be determined what the claimant's residual functioning capacity is based on his current impairments and if he can do past relevant work. Seventh, it must be determined if the claimant can do any other work considering his residual functional capacity, age, education, and work experience.[4]

4. *Background.*

On December 7, 2007, Carrell was found to be disabled since January 7, 2006, due to a broken femur. On April 27, 2015, the Social Security Administration determined that Carrell was no longer disabled. He applied for continued disability for musculoskeletal impairments, severe back pain, asthma, and schizoaffective disorder. His application was denied. He requested a hearing to challenge this, which occurred on May 11, 2018. The ALJ that presided over the hearing affirmed that he was no longer disabled. On March 4, 2019, the Appeals Council affirmed the ALJ's denial.

5. *Application.*

The officer properly found that Carrell was not disabled. The seven-step process was correctly followed. First, the officer found that none of Carrell's impairments met the requisite criteria. Second, the officer determined that a medical improvement had occurred. Third, the officer established that this improvement was

---

[4] 20 C.F.R. § 416.994 (2017).

related to Carrell's ability to work. The fourth step does not apply. Fifth, the officer determined that Carrell's remaining impairments were severe. Sixth, the officer deduced that Carrell had a residual functioning capacity that was limited and light. Seventh, a vocational expert testified that despite Carrell's limitations, there were jobs he could do, considering his residual functioning capacity, age, education, and work experience.

### A. *Step One.*

When determining that none of Carrell's impairments met the requisite criteria, the officer considered each individually. The hand, hip, and knee problems did not result in his inability to walk or ambulate effectively. Carrell's testimony supports these findings. The officer found that Carrell's back pain did not compromise the nerve root or spinal cord and there was no evidence of spinal compression, limited movement, or motor loss. Because of this, the back impairment did not meet the criteria. This was supported by medical imaging and records, as well as Carrell's testimony.

The officer determined that Carrell's asthma did not meet the requirements because it did not result in the necessary hospitalizations or chronic attacks and diseases. This was supported by his medical records.

His schizoaffective disorder did not meet the requirements because it did not result in two marked areas or one severe area of mental impairment. In understanding, remembering, or applying information, the officer found there was a mild limitation because

of Carrell's recall during a mental exam. In interacting with others, Carrell had a moderate limitation. The officer decided this based on Carrell's testimony that he could enjoy group activities, depending on his mood. In concentrating, persisting, or maintaining pace, Carrell had a moderate limitation because his consultative mental exam indicated that he had normal concentration and was able to attend a movie. The record supports these findings.

The officer determined that Carrell had no limitation in adapting or managing himself because Carrell was able to feed himself, shower, and do chores. Carrell's testimony supports this. Additionally, Carrell testified that his medications help control the symptoms of the schizoaffecetive disorder. In determining his limitations in these areas, the officer heavily relied on the state agency psychological consultant, Carrell's testimony, and the mental status examinations performed by Doctor Saeed, all of which support these findings.

B.   *Step Two.*

The officer determined that there was a medical improvement because Carrell's femur and hand fractures had healed. The medical records support these findings.

C.   *Step Three.*

Since a medical improvement had occurred, the officer determined that it resulted in an increase in Carrell's ability to

work. This is supported by the medical record and Carrell's testimony.

D.  *Step Four.*

This step does not apply.

E.  *Step Five.*

The officer determined that Carrell's impairments were severe because they caused more than a minimal limitation to Carrell's ability to perform basic work activity. This is supported by Carrell's testimony about his daily limitations and struggles with everyday tasks. The record further supports the ALJ's finding.

F.  *Step Six.*

When determining the residual functioning capacity, the officer analyzed Carrell's impairments and the intensity, persistence, and limiting effects of the impairments. The officer decided that Carrell had a functioning capacity that was limited and light. Carrell can lift up to 20 pounds, stand or walk up to eight hours per day, and do various other physical activities on occasion. He can also interact with others and understand simple instructions. The officers decision is supported by Carrell's testimony, his mother's testimony, and the medical records.

G.  *Step Seven.*

A vocational expert testified that a person with Carrell's residual functioning capacity, considering his age, education, and

past work experince would be able to perform numerous other jobs that were aplenty in Texas, like a carwash attendant, a grocery store clerk, or a storage rental clerk.

6. *Conclusion.*

The commissioner's denial of Cody Carrell's claim for disability insurance benefits is supported by substantial evidence and will be affirmed.

Signed on June 17, 2020, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge